~~A&P Draft – Aug. 20, 2021~~

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/24/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUNLIGHT FINANCIAL LLC, and SUNLIGHT FINANCIAL HOLDINGS INC., <br><br> Plaintiffs, <br><br> v. <br><br> SAMUEL DUNCAN HINKLE, and SUNSTONE CREDIT, INC., <br><br> Defendants. | Civil Action No. 1:21-cv-06680-AJN |

### ~~STIPULATED~~ PRELIMINARY INJUNCTION ORDER

WHEREAS, on August 6, 2021, this matter came before the Court upon the Complaint of Plaintiffs Sunlight Financial LLC and Sunlight Financial Holdings Inc. (together, "Sunlight") against Defendants Samuel Duncan Hinkle ("Hinkle") and Sunstone Credit, Inc. ("Sunstone Credit") (together, "Defendants") for breach of contract, statutory and common law trade secret misappropriation, misappropriation of confidential information, unfair competition, aiding and abetting unfair competition, breach of fiduciary duty, breach of loyalty, declaratory judgment, and injunctive relief (the "Action");

WHEREAS, on August 9, 2021, the parties met and conferred regarding Sunlight's plans to file a Motion for a Temporary Restraining Order and Preliminary Injunction ("Motion");

WHEREAS, on August 11, 2021, the parties advised the Court that they were exploring the possibility of proposing a Stipulated Preliminary Injunction for the Court's approval (Docket at ECF No. 7);

WHEREAS, on August 17, 2021, Sunlight filed its Motion;

WHEREAS, on August 18, 2021, the Court issued an order that encouraged the parties to confer regarding whether an agreement could be made on the terms of a temporary restraining order;

~~WHEREAS, counsel for the parties met and conferred on August 19, 2021, and reached an agreement on the terms of this Stipulated Preliminary Injunction Order, rendering a temporary restraining order unnecessary;~~

WHEREAS, this ~~Stipulated~~ Preliminary Injunction Order shall apply to Defendants and their respective directors, officers, agents, servants, and employees (the "Enjoined Parties");

1

~~A&P Draft—Aug. 20, 2021~~

~~WHEREAS, the parties have agreed to the entry of this Stipulated Preliminary Injunction Order as set forth below; and~~

~~WHEREAS, Plaintiffs now hereby withdraw the Motion in its entirety.~~

NOW, THEREFORE, IT IS HEREBY ~~STIPULATED, AGREED, AND~~ ORDERED THAT:

1. To the extent to which the Enjoined Parties, except for counsel of record for Defendants, possess or have in their possession, custody or control any of Sunlight's non-public documents, materials, business information and other media, including Sunlight's non-public information incorporated into other documents and files, that were created, saved, or modified after January 1, 2021 ("Sunlight Material"), whether in paper or electronic form, without regard to whether Defendants believe that the Sunlight Material contains confidential, proprietary, or trade secret information, Defendants agree that it will return all such Sunlight Materials (whether originals or copies thereof) in the following manner, except as limited below:

    a. Defendants will send by overnight delivery service all Sunlight Material in paper form that results from a reasonable search to their below-signed counsel of record within three (3) days of this Order. Counsel of record for Defendants shall then arrange to scan said paper documents and may retain a copy for purposes of this Action only, which shall be retained on an Attorney's Eyes Only basis relative to Defendants. The originals of the paper Sunlight Materials will then be returned to counsel of record for Sunlight within three (3) business days of Counsel's receipt of these files. The Sunlight Materials will be preserved in the order and form collected, labeled and segregated by returning custodian, and returned in the same manner to counsel for Sunlight. Notwithstanding the above, Defendants shall have an ongoing obligation to return any other subsequently located Sunlight Materials that are in paper form.

    b. With regard to the expedient containment, remediation and return of Sunlight Material in electronic form, the parties will work diligently to jointly select a third-party forensic expert ("the Expert") who will be tasked with locating Sunlight Material, preserving all forensic information and evidence relating to the same (including metadata), returning the Sunlight Material to Sunlight, providing a copy of all identified Sunlight Material to below-signed counsel of record for Defendants for purposes of this Action only and on an Attorney's Eyes Only basis relative to Defendants, and otherwise removing Sunlight Material from Defendants' possession (the "Expert Review"). In conjunction with this process:

        i. The Expert shall report directly to both parties. The first $30,000 of the Expert's fees and costs shall be exclusively borne by Defendants (in whatever manner Defendants choose to allocate such fees and costs among themselves), and any additional Expert fees and costs above the initial $30,000 shall be split evenly among the parties.

~~A&P Draft – Aug. 20, 2021~~

ii. Within two (2) business days of retaining the Expert, Defendants shall provide Sunlight and the Expert with a list of each electronic device, network/system, cloud-based storage, e-mail account, and any other account or data storage system currently or previously in the Enjoined Parties' possession or control in which Sunlight Materials are currently stored, may currently be stored, or were previously stored, including but not limited to Hinkle's personal computer, laptop, smart phone, any other personal or Sunstone Credit device or laptop, online or cloud-based messaging or data storage site or portal (*e.g.*, Box.com, G-Suite platforms, Atlassian Jira, Salesforce, Slack, etc.), and personal or Sunstone Credit e-mail accounts (collectively, "Sources").

iii. Thereafter, Defendants shall provide the Expert with access to, and/or credentials for, the Sources, and any other account(s) or data storage system(s) the Expert reasonably requests and cooperate with the Expert to collect the relevant data and devices for the purpose of Expert's analysis, with the following exceptions: non-Sunstone Credit Sources owned or operated by Wilson Chang (the "Chang Sources"). The Chang Sources shall not be a part of the Expert Review described in this Paragraph, but nothing in this Order shall prevent Plaintiffs from seeking discovery of the Chang Sources via other means in this Action.

iv. As part of this examination, the Expert shall investigate whether the Enjoined Parties incorporated any Sunlight Material into non-Sunlight files or data. This process shall be initiated by the Expert providing the parties with a file listing, where possible, showing all files contained on the Sources reviewed pursuant to Paragraph 1(iii). The parties will confer with the Expert as to the appropriate manner to adequately locate any non-Sunlight files or data containing Sunlight Material, which may include word searches or any other manner of forensic analysis deemed to be reasonably effective by the Expert.

v. As part of this examination, the Expert shall investigate whether Sunlight Material (including non-Sunlight files containing Sunlight Material) were disseminated through e-mail or any other file dissemination platform. If this occurred, then the parties will confer with the Expert as to the appropriate manner to adequately locate any non-Sunlight file(s) containing Sunlight Material.

vi. In the above analyses of the Sources, the Expert shall additionally investigate whether any Sunlight Material has been further disseminated or deleted and, if so, make all reasonable efforts to locate and/or recover such Sunlight Material, recognizing that identifying already deleted information may be relevant both for remediation purposes and as evidence relating to the claims pending in the Action. Defendants agree that they will work cooperatively with the Expert to locate and recover such Sunlight Material.

~~A&P Draft – Aug. 20, 2021~~

      vii. The Expert shall provide a written report describing all tasks performed in conjunction with this Order, including identifying all Sunlight Materials removed from Defendants' possession and tracking and determining to the extent practicable sources and file paths relating to the Sunlight Materials.

   c. With regard to non-Sunlight files containing Sunlight Material, before returning those files to Sunlight, Defendants' counsel shall review the files and redact any information protected by the attorney-client privilege or work product doctrine. Defendants may also designate such files in accordance with the parties' forthcoming Stipulated Protective Order as "Attorneys' Eyes' Only". For electronic documents, Defendants shall complete such review, redaction, and designation within seven (7) days of being provided a reviewable database of materials identified by the Expert pursuant to this Paragraph.

   d. Any disputes pursuant to this Paragraph that cannot be resolved through good faith negotiations of the parties shall be addressed to the Court in the form of Letter Motions and following the procedure applied to discovery disputes.

2. Within ten (10) days of the completion of the requirements in Paragraph 1, Hinkle and any other individual within Defendants' direction and control found to have accessed, possessed, or received Sunlight Material pursuant to Paragraph 1, shall deliver to Sunlight an affidavit or declaration, signed under penalty of perjury, affirming that other than the Sunlight Material identified above, he or she has neither received, retained, or possess any additional Sunlight Material, to the best of their knowledge.

3. The Enjoined Parties are preliminarily enjoined from accessing, disclosing, disseminating, making available to any person or entity, and/or using any non-public Sunlight Material, whether in tangible or intangible form, and any non-public information therefrom, for any reason, except for in connection with this Action and as limited by the terms of the parties' forthcoming Stipulated Protective Order.

4. The Enjoined Parties are preliminarily enjoined from accessing, disclosing, relying on, or otherwise using any non-public Sunlight Material, whether in tangible or intangible form, for the purpose of soliciting Sunlight's customers, partners, and employees.

5. The Parties shall observe all obligations to preserve documents under the Federal Rules of Civil Procedure. Compliance with this Order, including the return or removal of Sunlight Materials pursuant to this Order, shall not be a basis to find that any of the Enjoined Parties spoliated evidence or otherwise failed to comply with any document preservation obligations.

6. The Parties agree that nothing herein shall constitute an admission of liability by Defendants or any other Enjoined Parties, nor shall this constitute a waiver of any position, argument, or defense by either Party, including but not limited to any argument concerning the discoverability, relevance, authenticity, or admissibility or any document, materials, information, or subject matter identified pursuant to this Order; nor shall any access provided pursuant to this Order be deemed to operate as a waiver of any applicable privileges, including but not limited to

~~A&P Draft — Aug. 20, 2021~~

privileges or protection applicable to attorney-client communications and to attorney work product and any subject matter therein.

7. The parties agree that no bond is required relating to the issuance of this Stipulated Preliminary Injunction Order.

8. The parties shall file a joint status update with the Court within ten (10) days after the delivery to Plaintiffs of the statements identified in Paragraph 2 (the "Joint Status Update").

9. Defendants' time to move, answer, or otherwise respond to the operative complaint in this Action shall be extended to, and including, 45 days after the submission of the Joint Status Update or 45 days after the filing of any amended complaint, whichever is later. The deadline for the parties to meet and confer pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, and the commencement of discovery, shall be stayed until and including 21 days after the filing of Defendants' answer. Nothing herein shall prevent the parties from requesting permission from the Court to pursue limited discovery before general discovery commences as set forth in this Paragraph.

10. This Order shall remain in place until further order of the Court.

SO ORDERED

_____
United States District Judge

Dated: __August 24__, 2021.

~~SEEN AND AGREED TO:~~

| HUNTON ANDREWS KURTH LLP | ARNOLD & PORTER KAYE SCHOLER LLP |
|---|---|
| Christopher M. Pardo<br>60 State Street, Suite 2400<br>Boston, MA 02109<br>T: +1 617.648.2759<br>cpardo@HuntonAK.com | Evan Rothstein (*pro hac vice*)<br>1144 Fifteenth Street, Suite 3100<br>Denver, CO 80202<br>T: +1 303.863.2308<br>Evan.Rothstein@arnoldporter.com |
| Ryan M. Bates<br>Jason P. Brown<br>Katherine P. Sandberg<br>2200 Pennsylvania Avenue, NW<br>Washington, DC 20037-1701 | Theresa M. House<br>Jacob Michael Bass<br>250 West 55th Street<br>New York, NY 10019<br>T: +1 212.836.8094 |

**A&P Draft – Aug. 20, 2021**

| | |
|---|---|
| T: 202-955-1500 | Theresa.House@arnoldporter.com |
| F: 202-778-2201 | |
| E: rbates@HuntonAK.com | *Attorneys for Defendants* |
| E: brownj@HuntonAK.com | |
| E: ksandberg@HuntonAK.com | |

*Attorneys for Plaintiffs*

US 170299726v1