UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SUNLIGHT FINANCIAL LLC, et al.,

        Plaintiffs,

  -against-

SAMUEL DUNCAN HINKLE, et al.,

        Defendants.

21-CV-6680 (JMF) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

As discussed with the parties during this morning's conference:

1. Scott Muckleroy and Jenny Fu are Enjoined Parties as that term is used in the Stipulated Amended Preliminary Injunction Order (PI Order) (Dkt. 35);

2. The Muckleroy Google Drive and laptop now in dispute contain or contained Sunlight Material, as that term is used in the PI Order, such that each is a Source, as that term is used in the PI Order, notwithstanding that defendants describe the drive as Mr. Muckleroy's "personal Google drive account" and the laptop may be owned by Muckleroy personally;

3. The Fu laptop now in dispute is also a Source.

Therefore, under the express terms of the PI Order, defendants are obligated to provide the Expert with access to these Sources. Defendants are willing to provide the Expert with access to the Fu laptop in accordance with the PI Order but argue in their letters dated June 10 and June 23, 2022 (Dkts. 71, 72), that a different procedure should apply to the Muckleroy Google Drive and laptop because these Sources contain information that is proprietary to nonparty Hudson Sustainable Group LLC (Hudson), which previously retained Mr. Muckleroy as a consultant and is an investor in plaintiff Sunlight Financial LLC and/or plaintiff Sunlight Financial Holdings Inc. (collectively Sunlight) and in defendant Sunstone Credit, Inc. (Sunstone). According to defendants, Hudson has advised them that they do not have the "authority" to make "Muckleroy's

Hudson documents" available to the Expert (Dkt. 71 at 2), even if they also constitute Sunlight Material as that term is used in the PI Order.

During today's conference, defendants further suggested that they lack the authority to make the remainder of the Muckleroy Google Drive and laptop available to the Expert, because they may contain sensitive personal information unrelated to Sunlight or Sunstone. I note that this appears to be a new argument. As of June 23, 2022, defendants were willing to make the entire Muckleroy Google drive and laptop available to Expert except for "Sunlight-related Hudson files that Mr. Muckleroy received or created as a Hudson consultant." (Dkt. 72 at 2.)

Defendants have been in communication with Hudson concerning these issues for months. They have also, presumably, communicated with Sunstone employee Muckleroy about these issues. However, the Court has not heard from Hudson or Muckleroy directly. Consequently, it is hereby ORDERED that:

1. Defendants shall promptly provide the Expert with access to the Fu laptop.

2. If either Hudson or Muckleroy wishes to be heard with respect to the Muckleroy Google Drive and laptop, each such non-party may submit a letter-brief, in compliance with Moses Ind. Prac. § 1(d), no later than **July 28, 2022**.

3. Defendants' counsel shall immediately serve a copy of this Order on Hudson and on Muckleroy, and file proof of such service on the docket.

Dated: New York, New York  
       July 21, 2021

SO ORDERED.

_____  
**BARBARA MOSES**  
**United States Magistrate Judge**